We would be happy to, um, the argument in Alston, Clifton v. Tadlock, and, uh, Mr. Lambert, we'd be pleased to hear from you, sir. Good morning, Your Honor. To please the court, I'm here representing the estate of Alston in the matter of Clifton LLC v. Dewey Tadlock. This matter comes to you on a decision granting a motion for summary judgment on the defendant. Tadlock basically indicated from the court that they found the 20-year statute of limitations did not apply and that the contract for, excuse me, let me rephrase that, the lease with option to purchase was merely a contract and not an interest in land. However, Your Honor, it is the contention of the appellant herein that interest in land is also a lease with an option to purchase and therefore is not a mere contract and therefore the three-year statute that was applied by Judge Harwell below was incorrectly viewed in this presence. I'm going to throw you a curveball. Are you familiar with the doctrine of merger? Yes, I am, Your Honor. Why doesn't the doctrine of merger apply here? You had that oral amendment to the lease which was a lease with an option to purchase, as you say. It was merged, was it not, when the deed was granted and no mention was made in the deed. The South Carolina case is Charleston v. Western Carolina Railway Company v. Joyce. The general rule is that a deed made in full execution of a contract of sale merges the provisions of the contract therein and extends to all prior negotiations and agreements leading up to it. Well, in this view, Your Honor, it's the appellant's contention that the title that was granted was defective and as such that the 20-year statute of limitations should apply to this cause of action and should not be subject to the merger doctrine. As a practical matter, what you're arguing for is a 10 or a 20-year statute of limitations on an oral modification to a lease. That would be a real long time, particularly in light of the general statute of limitations being three years for contracts in South Carolina. If we brought on to a 10-year statute of limitations based on the title of the real property theory or we brought on to a 20-year statute of limitations on some ceiling theory and we were going to do that with an oral modification to a lease, I think the South Carolina court would be awfully skeptical of what we were doing. I acknowledge Your Honor's view of the lower court decision and indicating that you view this as merely a lease. However, it's the appellant's contention that at the point the exercise option purchase occurred, it was not merely a lease. It's a contract for sale of an interest in land and therefore it would not be subject to the three-year statute. It would be borne subject to the 10-year statute. It makes it even clearer that the doctrine emerged your clause. Well, Your Honor, once again, it's our contention that it's not merely just a contract for the sale of property. It's a defective title. It was not the benefit of a bargain of the parties. They contracted for land with an improvement or was handed over. But the deed didn't incorporate the alleged oral modification regarding fire insurance nor does the deed evidence any intent not to merge the alleged oral modification into the deed. Your Honor, I realize I'm hitting you with something. I actually did review that material. However, I would not foreclose the option that the benefit of the bargain was not what was granted to my client because he purchased land over the time of five years. I can see how you might have had an unjust enrichment claim, but that wasn't a claim that was brought. It was more of a specific performance, Your Honor. Basically, what was granted was not what was the benefit of the bargain. The item was also a sealed instrument from what we have reviewed. The materials of the lower court, when sitting next to statutory provision 19-1-160, the 15-3-5-20 grants of 20 years, the 19-1-160 says, from the attestation clause or gleaned anywhere within a document where it could be obtained, the possibility of it being a sealed instrument, then the court should therefore hold it as such. It was supposed to do with the South Carolina case in Palmetto v. McMahon. It was a 2011 case where the court says a lease agreement is a contract. That's where, once again, I harp on the fact that it's not a mere contract. Once the option of purchase is exercised, it's removed from purview of a lease. In that case, it was a lease for... They sought to seek rents that arose out of the lease. Here, we're saying, at the point the exercise option took place, it's no longer a lease. It's an option for the purchase of land. And as such, it's inapplicable. And for the lower judge to use that to remove it from the title statute, it was incorrect to his provision. And he should have viewed it more under a title issue subject to the 10-year statutes, 37-2-105, as it was a sale for the interest of land. The claim still arose out of the lease. The claim still arose out of the lease and not out of the title. Well, Your Honor, once again... And the lease is, of course, what the South Carolina Court of Appeals in 2011 says is a contract subject to a three-year statute of limitations. And regardless of what subsequent events, the dispute still seems to me to arise out of the lease. Rather than out of not the title to the property in question. I understand Your Honor's concern with that. And I understand that 20 years may be a long time to supply this to the matter. But once that exercise option took place, it can no longer be construed as a lease. It's a matter for the purchase of land. Aren't you taking your argument out of the South Carolina Consumer Protection Code rather than the South Carolina Code dealing with statutes of limitations? I'm sorry, Your Honor? Aren't you taking, on your 10-year statute argument, aren't you just pulling language from the South Carolina Consumer Protection Code rather than the Code's statute of limitations provision? I understand that. But when read juxtaposed to the statute's argument, it indicates within that a lease with the option to purchase is a sale for an interest in land and is there such to be protected once the sign's viewed as a sealed instrument. That language doesn't appear in the statute of limitations provision. I understand that, Your Honor. However, once still the contention of the appellant that at the point the exercise option took place that it was removed and placed into that protected portion of the statute. In fact, in addition that it had indices of sealed instrument would bring it more into the 20-year statutes as opposed to even the 10-year. We thank you, sir. Is there anything further? I'd like to also point out that Judge Harwell below looked at the Carolina Marine handling versus Lash. But that case is distinguished here because the court merely looked to a sole statement which indicated a witness thereof the parties unto set their hands and seal. However, he also looked at the Cook decision. The Cook decision, Cook v. Cooper, the court viewed that where there are several indications of a sealed instrument that could be so construed. They looked at the attestation clause which in one indicated a witness here or two under we set our hand and seal. Secondly, immediately there adjacent to the sign word was the stated seal. And finally, the decontained signed sealed and delivered statement. Our client's contention is the instrument upon conveyance indicated that witness here to our hand set and seal. Also, right above the party's signature was the statement signed, sealed, and delivered. And the probate clause also contained a witness stating that here to these parties have sealed this instrument. And we would ask the court to take that into consideration. We thank you. I concede my time. Mr. Jordan, let's hear your side of it. I apologize in advance for my cough. I hope I didn't interrupt my colleague. As I see it, Your Honor, of course I believe the lower court, the district court, got it right. And I believe there are two issues to deal with and I believe they've been discussed already. First off, I don't believe this was a sealed instrument thereby catapulting it from the three-year, which I believe to be the applicable statute of limitations, to the 20-year statute. First, there's no evidence on its face that the document in place, and I don't believe the appellant, argued that it was in fact a sealed instrument, and the lower court just got that wrong. We are, however, arguing about the intent. And I acknowledge that South Carolina law does provide that in the event it can be demonstrated that it was the party's intent to create a sealed instrument, then it can be interpreted as such. However, that must be... I believe that the language is clearly evidence, intent to create a sealed instrument. And I don't believe that's present. That comes from a Carolina Marine case, which has already been discussed. Also, Treadway helped you out, didn't he? Sir? Didn't Treadway help you out? Treadway also, and Winyah. Both of those, while those, I think Treadway and Winyah, found that it was a sealed instrument, the elements that were present to create that sealed instrument or intent to demonstrate a sealed instrument aren't present in this case. This case, it appears, that it's pretty much relied on the language of signed, sealed, and delivered in one place in the document at the very end of the document. No other cases that have just that language in them in non-bold, non-conspicuous type have been found previously to generate a sealed instrument. This would be the first case in the event that to do so. In this case, as by Carolina Marines, Treadway, Winyah, other cases has been dealt with by the South Carolina Court of Appeals on multiple cases. You understand my problem? I'm having a hard time worrying about what the statute of limitations is and all that when I think the entire claim is gone by virtue of the doctrine of merger. And I don't disagree with that. What we're dealing with, and there's no way around this, is a lease. And not just a lease contract, but an oral modification to the lease contract. When you boil it down, whether you're talking of, if we're jumping ahead to, is the issue founded in title? And I think that's more in line with where that argument's located. Mr. Alston got the title and clear ownership of the property. Now, the oral modification, I don't see any way to demonstrate that it has anything to do with the actual title and ownership of the property, which would be what deals with the 10-year statute and which would be merged into the deed, which would deal with a 10-year statute. And, of course, not to jump past it, but I will fairly quickly move through it. The Jenkins v. Brown case that's cited by the appellate saying that an issue in land gets you to the 10-year statute, I don't believe that case is on point as it dealt with someone who's dealt with tobacco allotments before, being in the South my entire career in life. It's a crop. It runs with the land. This is, go back to a lease agreement. That is fairly clear. Also, I think the Honor has pointed out Palmetto Company v. McMahon, and that goes along with my argument, certainly, that we can't get away from the fact this is a lease contract with an oral modification. All this has been covered. In your brief, do you have any more? I do not, Your Honor. Unless there are any other questions, I yield the balance of my time. Another member of the panel. We have no further questions. Mr. Lambert, you're due some rebuttal time. Once again, I'd like to reiterate, I understand that 20 years may be a long time. However, the South Carolina legislator has not overturned these two statutes. The initial statute, 153520, implies a 20-year statute for items that are sealed. And in view of the matter of Treadway, with Treadway, the court said the statement, in witness whereof, the party set their hands and sealed, and followed by a statement, signs healed and delivered, in the presence of was sufficient. Those are two instances, or indicia, of a sealed instrument. And they granted relief there, Your Honors. And in light of that, I'd like to point to the record, Your Honor. When you look at the title, there's indications of, or indicia, of a sealed instrument, right above the signatures of the parties. And prior to that, it also indicates in witness, they do seal this item. And right below that, in addition, the probate clause, which akin to an attestation clause, indicated that the matter was signed, sealed, and delivered. So, in that instance, it's three indicia, as opposed to two, under Treadway. And under Cooper, Cook v. Cooper, that also had three indications of a sealed instrument. Further, when looked in light of section 19.1 to 160, basically, the court was concerned with that 20-year statute. So, they basically buttressed 19.160 to give it more credence. Therefore, I would go counter to what the appellee has indicated, that it's not falling within the protection of the statute. And, if so, claim it. I'd like to rest, Your Honor. Thank you, sir. Thank you. We'd like to adjourn court and come down and agree counsel. Just a quick thing, during the signing of that, I got to see the United States.
judges: J. Harvie Wilkinson III, Henry F. Floyd, Joseph R. Goodwin